# Stewart *versus* Fenner *et al.*

1. Where the question is fraud, the range of the evidence is necessarily wide.

2. Land was conveyed by a brother to his sister; a creditor afterwards purchased the brother's interest in the land at sheriff's sale under a judgment in his favor against the brother, recovered after the conveyance, for a debt owing before, but not due till afterwards. In ejectment for the land the purchaser alleged that the original conveyance was fraudulent. *Held,* that evidence of debts of the brother at the time of the conveyance, with declarations of his intent to avoid the payment of the purchaser's debt, was admissible on the question of fraud.

3. Evidence by the sister that after the purchase she put improvements on the property was admissible to show that the purchase was bonâ fide.

4. The sister having testified that she owned enough money to buy the property; the fact that she had improved the property was- for the jury on the question of her credibility.

February 21st 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia:* Of July Term 1874, No. 69.

This was an action of ejectment, brought July 18th 1872, by Catharine Stewart against Philip Bomgardner and Lawrence Denning for two lots of ground on Fifty-fifth street, in the Twenty-fourth Ward, Philadelphia; George Fenner was afterwards admitted as a defendant.

On the 16th of September 1868, Robert Stewart, a brother of plaintiff, conveyed the premises to her. On the 2d of December

1870, Fenner recovered a judgment at December Term 1870, for $779.34, against Robert Stewart in an action brought on note from him to Fenner, dated November 5th 1866, and payable in two years and eight months after date for $500, and consequently falling due July 5th 1869. Under this judment Fenner bought the premises at sheriff's sale; the sheriff's deed to him was acknowledged April 15th 1871.

After the sheriff's sale Fenner brought ejectment against Catharine Stewart and recovered possession under a verdict in his favor. This suit was then brought by the plaintiff; the defence was that the conveyance to her was fraudulent.

The case was tried before Hare, P. J., April 20th 1874.

The plaintiff gave in evidence the deed to herself and that from its delivery she had collected the rents.

The defendants gave in evidence the sale to Fenner under his judgment against Robert Stewart.

They offered in evidence a judgment against him, entered November 12th 1867, for $2000; another entered November 2d 1868, for $2000, to Matilda Paskit, a sister of plaintiff and of Robert Stewart; this judgment is marked on the record "satisfied May 15th 1872;" a mechanic's lien against " Catharine Stewart owner and Robert Stewart contractor," entered September 24th 1870 for $685.72; another judgment entered June 25th 1870, for $176.72 ; another judgment November 12th 1870, for $500.

The plaintiff objected to the offer, because the property was not claimed as a gift, and the judgments, &c., were a lien on it and did affect the plaintiff's title.

The evidence was admitted and a bill of exceptions sealed.

The plaintiff testified : "I gave $2100 for one part and $475 for the other; I gave it all to my brother; Robert Stewart has no interest in it in any way ; I worked as a laundress in Rockland street, during eighteen or nineteen years; had been living in Mr. Carver's family ; my sister and a young girl were present; I kept the money in a large trunk in a segar box—I cannot say how long; part of the money had been there many years in a house we lived in for seven or eight years ; had $4000 when I moved there; I had got it by hard work; I had done washing and chores for fourteen years; am forty-nine or fifty; my sister received some arising from property sold in Ireland—$500 or $600—nine or ten years ago, from real estate; my sister gave me part, and I paid her back part; * * * the money was in large and small notes; a good many $100 bills; also $5's, $10's, and $1's; £80 received from Ireland."

Robert Stewart testified: "In September 1868, I received from Catharine Stewart $2100 for this property ; Mary E. Hunter was there and counted the money; * * * judgment of November 2d 1868, I paid out of this money $2000 with the balance

[Stewart v. Fenner.]

of this note December Term 1870; I had paid some of this judgment before the last trial, and some of it since; I borrowed $2000 from my other sister and gave her the note; this was after I gave the deed."

The plaintiff offered to show by a witness that Catharine Stewart employed him to put up buildings, and paid him subsequently to the deed from her brother.

The defendants objected to the offer, it was rejected and a bill of exceptions sealed.

There was other evidence of the actual payment by the plaintiff to her brother at the delivery of the deed, of $2575, the amount claimed by her to be the purchase-money of the real estate in question; also evidence to show that she had the money to purchase the property.

Under objection and exception a witness testified for defendants that "Robert Stewart said that Fenner was sharp, but he would fix him; he would not pay Fenner; he would convey the property to his sisters for his board, and when he got married he would buy it back; this was in 1867."

The verdict was for the defendants.

The plaintiff took a writ of error, and assigned for error the admission in evidence of the judgments against Robert Stewart, and rejecting evidence of improvements made on the premises by the plaintiff.

*L. Hirst,* for plaintiff in error.—The purchaser took title to land subject to existing subsisting liens, and therefore Catharine Stewart took no more than she bought, which was such interest as the grantor had. The only interest that Fenner took under the sheriff's deed was what Robert Stewart had in the land at the time of the recovery of his judgment: Nippes's Appeal, 25 P. F. Smith 472; Fisher's Appeal, 9 Casey 294; Beekman's Appeal, 2 Wright 385; Kennedy *v.* Bogert, 7 S. & R. 97.

*A. Thompson,* for defendants in error.—Evidence of the judgments was admissible to impeach the deed by showing that the grantor was indebted when it was made: Hinde *v.* Longworth, 11 Wheaton 199. The extent and effect of the evidence was for the jury: Kimmel *v.* McRight, 2 Barr 38; Caldwell *v.* Boyd, 7 P. F. Smith 321. The existence of fraud is to be proved as any other fact; the evidence is sufficient if it satisfy beyond a reasonable doubt: Young *v.* Edwards, 22 Id. 257; Clark *v.* Denigh, 2 Am. Law Reg. 509; Clark *v.* Depew, 1 Casey 509; Ashmead *v.* Hean, 1 Harris 584; Johnston *v.* Harvy, 2 Penna. R. 82; Geiger *v.* Welsh, 1 Rawle 349; Zerbe *v.* Miller, 4 Harris 488; Kepner *v.* Burkhart, 5 Barr 478; Chambers *v.* Spencer, 5 Watts 404;

[Stewart *v.* Fenner.]

Wiscart *v.* Dauchy, 3 Dall. 321; Williams *v.* Davis, 19 P. F. Smith 21; Bentz *v.* Rockey, Id. 71.

Judgment was entered in the Supreme Court, March 13th 1876,

PER CURIAM.—The question at issue in the trial below was *fraud* in the conveyance of the premises from Robert Stewart to the plaintiff. The range of evidence was necessarily wide. For this reason it was competent to show the debts owing by Robert Stewart as a motive to the conveyance to his sister, and his declarations as to his intent to avoid payment of Fenner's debt, which arose in 1866, two years before the conveyance, but not prosecuted to sale until 1871.

But for the same reasons it seems to us it was error to exclude the evidence of the improvement of the property by Catharine Stewart after purchase. It was a circumstance, though slight, to show bona fides in the purchase. People do not often improve when they have no confidence in their title. The motive of improving was a question for the jury, and not for the court. Catharine Stewart had sworn to the possession of sufficient money to make the purchase, and was corroborated by others. Whether this statement was credible was for the jury, and her conduct in regard to the property had some bearing on her credibility. An honest attempt to improve and to pay for the same is not without force in inducing the belief that the prior purchase was bonâ fide. Her evidence ought to have gone to the jury for what it was worth.

Judgment reversed, and a *venire facias de novo* awarded.